LAW OFFICE OF DELVIS MELENDEZ
ATTORNEY FOR PLAINTIFFS
90 BRADLEY STREET
BRENTWOOD, NEW YORK, 11717
631-434-1443
631-434-1443 FAX
DELVIS MELENDEZ, ESQ.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 18 2016 ★

LONG ISLAND OFFICE

CV-16 5788

DISTRICT COURT OF THE STATE OF NEW YORK
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
NALVIN ALVARANGA, and
AMELIA FERNANDEZ CARDONA
On behalf of themselves and others similarly situated

Plaintiffs,

-against-

EL PASO TAQUERIA GRILL CORP.,
ROBERTO HERNANDEZ and DORIAN SIGN HERNANDEZ
In their individual capacities

Defendants.
-----------------------------------------------------------------------X

WEXLER, J.

LINDSAY, M.J.

**COMPLAINT**

Plaintiffs Nalvin Alvaranga and Amelia Fernandez Cardona on behalf of themselves and all others similarly situated, by and through their attorneys, Law Office of Delvis Melendez P.C., complaining of the Defendants, alleges as follows:

**PRELIMINARY STATEMENT**

1. Defendants have profited at the expense of their current and former employees who performed labor for Defendants' restaurant business by failing to pay said workers the state and federal proper overtime wage for each hour they worked over forty (40) hours.

2. By the conduct described throughout this Complaint, Defendants willfully violated the Fair Labor Standards Act and the New York Labor Law by failing to pay its employees, including Plaintiffs, overtime compensation as required by federal and state law.

## NATURE OF THE ACTION

3. Plaintiffs seek to recover unpaid overtime wages that defendants owe them and similarly situated current and former non-exempt employees. Plaintiffs brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of themselves and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b). Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former non-exempt employees of defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages, under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

7. Defendants do business in the State of New York, within the Eastern District of New York, and maintain a place of business at 787 Conklin St. Farmingdale, New York, 11735.

## THE PARTIES

8. The Plaintiff, NALVIN ALVARANGA is a resident of the County of Suffolk,

State of New York.

9. The Plaintiff, AMELIA FERNANDEZ CARDONA is a resident of the County of Suffolk, State of New York.

10. At all times relevant to the complaint, Plaintiffs, Nalvin Alvaranga and Amelia Fernandez Cardona were "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2) of El Paso Taqueria Grill Corp., located at 787 Conklin St. Farmingdale, N.Y. 11735.

12. The Plaintiff, Nalvin Alvaranga was employed by the defendants from in or about 2010 until May 22, 2016.

13. The Plaintiff, Amelia Fernandez Cardona was employed by the defendants from in or about August 2015 until May 23, 2016.

14. The Plaintiffs, performed non-exempt duties for the defendants. Plaintiffs' primary job duties included, but were not limited to, cleaning the kitchen, prep cooking, cooking, and at times running the register.

15. Upon information and belief, defendant EL PASO TAQUERIA GRILL CORP., was and still is a domestic limited liability company organized and existing pursuant to the laws of the State of New York.

16. Upon information and belief, the EL PASO TAQUERIA GRILL CORP., is a restaurant with its principal place of business is located at 787 Conklin St. Farmingdale, New York, 11735.

17. Upon information and belief Defendant, EL PASO TAQUERIA GRILL CORP is a for profit company, who is engaged in commerce, with an annual gross revenue of $500,000 for one or more years relevant to this lawsuit.

18. At all times relevant, defendant, EL PASO TAQUERIA GRILL CORP., LLC was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

19. Upon information and belief, the defendant Roberto Hernandez, owns and/or operates EL PASO TAQUERIA GRILL CORP.

20. Upon information and belief, the defendant Roberto Hernandez has authority to make payroll and personnel decisions for the defendant EL PASO TAQUERIA GRILL CORP.

21. At all times hereinafter mentioned, the defendant, Roberto Hernandez, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and New York State Labor Law §190(3).

22. Upon information and belief, the defendant Dorien Sign Hernandez is an officer/agent/shareholder of the defendant EL PASO TAQUERIA GRILL CORP.

23. Upon information and belief, the defendant Dorine Sign Hernandez acts directly or indirectly in the interest of an employer in relation to employees.

24. Upon information and belief, the defendant Dorien Sign Hernandez has authority to make payroll and personnel decisions for the defendant EL PASO TAQUERIA GRILL CORP., an maintains employment records

25. At all times hereinafter mentioned, the defendant, Dorien Sign Hernandez, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and New York State Labor Law §190(3).

## FACTS

26. Defendant, EL PASO TAQUERIA GRILL CORP., is a company engaged in the business of selling and serving food and beverages.

27. All of the Plaintiffs, worked in the kitchen as laborers for Defendants'.

28. Plaintiffs and similarly situated current and former employees performed a wide variety of duties including cleaning, preparatory cooking, cooking and at times ran the register.

29. Plaintiff, NALVIN ALVARANGA routinely came to work from 11:00 a.m. until work 11:00 p.m. He regularly worked six days per week.

30. Plaintiff, AMELIA FERNANDEZ CORDONA routinely came to work on Tuesdays from 5:00 a.m. to 6:00 or 7:00 p.m. She routinely worked six days per week.

31. Plaintiffs and similarly situated employees were not required to punch a time clock.

32. At all times hereinafter mentioned, plaintiffs were required to be paid overtime pay at the statutory rate of time and one-half times the regular rate of pay after they had worked forty (40) hours in a workweek.

33. Plaintiffs worked more than forty hours in most workweeks in which they were employed by the defendants but were not paid overtime at the rate of one and one-half times the regular hourly rate of pay.

34. Plaintiff, Nalvin Alvaranga was paid a weekly wage, irrespective of the hours worked, ranging from $650-$750.00 depending

on the year.

35. Plaintiff, Nalvin Alvaranga, was paid in cash off the books.

36. Plaintiff, Amelia Fernandez Cardona was paid a weekly wage, irrespective of the hours worked, of $450.00 to $500.00 depending on the year.

37. Plaintiff, Amelia Fernandez Cardona was paid in cash off the books

38. Defendants failed to compensate the plaintiffs for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular hourly rate of pay throughout the entire term of their employment with the defendants.

39. Defendants paid Plaintiffs, and similarly situated current and former employees, straight time for the hours worked each week, including hours worked in excess of 40 hours per week.

40. Defendants willfully disregarded and purposefully evaded the record keeping requirements of the FLSA and the New York Labor Law by paying some employees completely off the book and others with a double book system where they would only pay up to 20-30 hours by check on the books, and remaining hours in cash at the straight time rate off the books.

41. Defendants' refusal and/or failure to pay overtime were knowing and willful.

42. Defendants paid plaintiffs and similarly situated former and current employees, in cash or partially in cash, without providing an accurate indication as to their rate of pay, their hours worked each day, and the total hours worked each week.

**COLLECTIVE ACTION ALLEGATIONS**

43. At all relevant times, Plaintiffs and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) each week.

44. Upon information and belief, there are many current and former employees who are similarly situated to the plaintiffs, who have been underpaid in violation of the FLSA. The named plaintiffs are representative of those other workers and are acting on behalf of the defendants' current and former employees' interests as well as their own interest in bringing this action.

45. Plaintiffs seek to proceed as a collective action pursuant to 29 US.C. §216(b) on behalf of themselves and all similarly situated persons who work or have worked for defendants at any time during the three (3) years prior to the filing of their respective consent forms.

46. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by

the defendants.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## CLASS ACTION ALLEGATIONS

47. Plaintiffs also bring New York Labor Law claims on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all persons who work or have worked for defendants in the State of New York at any time from the six (6) years prior to the filing of this complaint to the entry of the judgment in the case (the "Rule 23 Class").

48. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

49. The Rule 23 Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

50. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

1. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

    a) Whether the defendants unlawfully failed to pay proper compensation in violation of and within the meaning of the New York Labor Law Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

    b) Whether the defendants unlawfully failed to pay proper compensation in violation of and within the meaning of the New York Labor Law Article 6, 193 et seq. and the

supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-1.7,146-1.8;

   c) Whether the New York Class Representatives and Rule 23 Class are non-exempt from entitlement to premium compensation for hours worked in excess of forty (40) hours per week;

   d) Whether defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

   e) What proof of hours worked is sufficient when an employer fails in its duty to maintain true and accurate time records;

   f) What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of overtime wages;

   g) Whether defendants failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

   h) The nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

   i) Whether defendants' general practice of failing and/or refusing to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week was done willfully or with reckless disregard of the federal and state wage and hour laws.

   2. The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent and the Rule 23 Class work or have worked for defendants in non-exempt positions and have not been paid overtime wages for the hours that

they have worked in excess of 40 hours per week. Defendants have acted and have refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

3. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation for hours worked in excess of forty (40) hours each week.

4. Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.

5. Plaintiffs have retained counsel competent and experienced in complex class actions and in labor and employment litigation.

6. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of defendants' common and uniform policies, practices and procedures. Although the relative damages

suffered by individual Rule 23 Class Members are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.

7. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT)

51. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

52. Defendants employed plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

53. The complete records concerning the number of hours worked by the plaintiffs as well as the compensation plaintiffs received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiffs are unable to state at this time the exact amount due and owing to them.

54. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

55. Plaintiffs have consented in writing to be parties to this action, pursuant to 29

U.S.C. §216(b).

56.     At all relevant times, Plaintiffs and other similarly situated current and former employees of defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

57.     The overtime wage provisions set forth in §201 et seq. of the FLSA apply to the defendants.

58.     At all relevant times, Plaintiffs were employees within the meaning of 29 U.S.C. §§203(e) and 207(a).

59.     Defendants have failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

60.     Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

61.     Because defendants' violations of the FLSA have been willful, a three- year statute of limitations applies, pursuant to 29 U.S.C. §255.

62.     As a result of defendants' willful violations of the FLSA, Plaintiffs and all others employees of Defendants from 2012 to present have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §201 et seq.

63.     As a result of defendants' unlawful acts, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF

## (NEW YORK LABOR LAW: UNPAID OVERTIME WAGES)

64. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

65. At all relevant times, Plaintiffs were employees and Defendants have been an employer within the meaning of the New York Labor Law.

66. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to the defendants.

67. Defendants employed plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

68. The complete records concerning the number of hours worked by the plaintiffs as well as the compensation plaintiffs received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiffs are unable to state at this time the exact amount due and owing to them.

69. Defendants have failed to pay Plaintiffs and the Rule 23 Class Members overtime wages to which they were entitled under the New York Labor Law.

70. By defendants' failure to pay Plaintiffs and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

71. Due to defendants' violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from defendants their unpaid overtime wages,

liquidated damages, reasonable attorneys' fees and costs of the action, and pre- judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF

## NEW YORK LABOR LAW SPREAD OF HOURS PROVISIONS

72. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

73. Defendants willfully, knowingly and/or recklessly violated the provisions of the NYLL which require an employer to provide employee with one hour's pay at the basic minimum wage required for day where the spread of hours exceeds ten hours or there is a split shift or both situations occur. See N.Y. COMP.CODES R & REGS. Tit. 12 sec. 142-2.4, 142.20.

74. Plaintiffs and all other similarly situated present and former employees did not receive the spread of hours pay required under New York State Labor Law.

75. Due to Defendants' violation of the New York Labor Law, Plaintiffs and all others similarly situated present and former employees are entitled to an additional hour of pay at the minimum wage for each day worked in excess of ten hours.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Unpaid wages and additional and equal amounts as liquidated damages for violations of Article 19 sec. 650.

(iii)   Unpaid wages and additional and equal amounts as liquidated damages for violations of Article 6 sec. 193 and supporting New York State Department of Labor Regulations 12 N.Y.C. R.R part 146-1.7 146-1.8

(iv)   Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(v)   Designation of Plaintiffs as representative of the Rule 23 Class, and counsel of record as Class Counsel;

(vi)   Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(vii)   Damages in an amount to be determined at trial for Defendant's violation of New York State Labor Law §196-d;

(viii)   All attorneys' fees and costs incurred in prosecuting these claims; and

(ix)   Such other relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: Brentwood, New York
October 17, 2016

LAW OFFICES OF DELVIS MELENDEZ, P.C.

_____
s/s Delvis Melendez
90 BRADLEY STREET
BRENTWOOD, NEW YORK, 11717
631-434-1443

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
NALVIN ALVARANGA, and AMEILIA FERNANDEZ CARDONA
On behalf of themselves and
others similarly situated                        INDEX NO: CV

                    Plaintiffs,

    -against-


EL PASO TAQUERIA GRILL CORP.,                    CONSENT TO JOINDER
ROBERT HERNANDEZ AND
DORIAN SIGN HERNANDEZ
in their individual capacities


                    Defendants.
- - - - - - - - - - - - - - - - - -X
```

By signing below I, AMELIA FERNANDEZ CARDONA, consent to become a party plaintiff in this lawsuit and be bound by any decision herein.

Dated: October 17, 2016

(Signature) *Amelia Fernandez Cardona*
Name: AMELIA FERNANDEZ CARDONA
C/O Delvis Melendez,
90 Bradley St.
Brentwood, N.Y. 11717

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
NALVIN ALVARANGA, and AMEILIA FERNANDEZ CARDONA
On behalf of themselves and
others similarly situated                    INDEX NO: CV

                    Plaintiffs,

    -against-


EL PASO TAQUERIA GRILL CORP.,                CONSENT TO JOINDER
ROBERT HERNANDEZ AND
DORIAN SIGN HERNANDEZ
in their individual capacities


                    Defendants.
- - - - - - - - - - - - - - - - - -X
```

By signing below I, NALVIN ALVARANGA, consent to become a party plaintiff in this lawsuit and be bound by any decision herein.

Dated: October 17, 2016

(Signature): *Nalvin O. Alvaranga*
Name: NALVIN ALVARANGA
C/O Delvis Melendez,
90 Bradley St.
Brentwood, N.Y. 11717